IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD SHERROD | ) | |
| | ) | No. 04 C 4627 |
| Plaintiff, | ) | |
| | ) | Judge George W. Lindberg |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO: Charles E. Pinkston
Pinkston & Associates
155 N. Michigan Ave., Ste. 500
Chicago, IL 60601

**PLEASE TAKE NOTICE** that I have filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**

**PLEASE TAKE FURTHER NOTICE** that I shall appear before the Honorable Judge George W. Lindberg or before such other Judge sitting in his stead, on the 23rd day of September, 2004, at 9:00 a.m.., or as soon thereafter as counsel may be heard, and then and there present the attached motion.

**DATED** at Chicago, Illinois, this 17th day of September, 2004.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel for the City of Chicago

BY: _____
SARA L. ELLIS
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-6919
Atty No. 06224868




# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD SHERROD | ) |
| | ) No. 04 C 4627 |
| Plaintiff, | ) |
| | ) Judge George W. Lindberg |
| v. | ) |
| | ) Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully requests that this Court, pursuant to Federal Rule of Procedure 12(b)(6), dismiss plaintiff's complaint ("Complaint"). In support of its motion, the City states:

## INTRODUCTION

Plaintiff filed his Complaint in federal district court on July 14, 2004, alleging police misconduct in violation of 42 U.S.C § 1983 ("§ 1983"). Plaintiff's Complaint should be dismissed for numerous reasons. First, plaintiff's Complaint alleges that the City violated § 1983 on the basis of *respondeat superior* liability. As there can be no claim for *respondeat superior* liability pursuant to § 1983, this Court should dismiss Counts I and II of plaintiff's Complaint, as it relates to the City. Second, plaintiff's claim of false arrest in Count II of his Complaint should be dismissed as barred by the statute of limitations. Third, plaintiff's claim for false imprisonment in Count I is a really a claim for malicious prosecution that cannot stand under §1983. Finally, plaintiff cannot pursue punitive damages against the City. Thus, this Court should dismiss plaintiff's Complaint in its entirety.

5

## STATEMENT OF THE CASE

Plaintiff alleges that on August 5, 2001, he was arrested for possession of narcotics. (Complaint, ¶¶8, 11). After a bench trial, plaintiff was convicted; he later sought and received a new trial, at which he was acquitted on January 26, 2004. (Complaint, ¶13). Plaintiff claims that Defendant Officers' actions caused him to be wrongfully arrested and prosecuted in violation § 1983.

## STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Triad Assocs. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint will be accepted as true. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002). However, if the plaintiff cannot prove any set of facts upon which relief could be granted, dismissal is proper. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Where the dates in a complaint establish that an action is barred by a statute of limitations, defendant may raise this affirmative defense in a pre-answer Rule 12(b)(6) motion to dismiss. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

## ARGUMENT

### I. Plaintiff Has Failed to State a Claim on Which Relief Can Be Granted.

#### A. Plaintiff Has Failed to Allege a *Monell* Claim.

Counts I and II of plaintiff's Complaint allege violations of § 1983 and are directed at two Chicago police officers and the City. The basis of plaintiff's allegations against the City is on an agency theory. (Complaint, ¶¶ 4,5,6). The United States Supreme Court, in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978), held that municipal liability